UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESHAWN MAURICE HARRELL,

Plaintiff,

v.

G. GARCIA,

Defendant.

Case No. 25-cv-07435-NW

**ORDER SCREENING COMPLAINT, DISMISSING WITH LEAVE TO AMEND**

Plaintiff Eshawn Maurice Harrell, a state detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. *See* ECF No. 1. The Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court **DISMISSES** the Complaint with leave to amend.

## I.    BACKGROUND

Harrell alleges that Correctional Officer G. Garcia "negligently mailed [Harrell's] paperwork to 'unknown' sources" and misplaced Harrell's application to proceed *in forma pauperis* for a case he filed against Ryan Martin. ECF No. 1 at 1. He also alleges that "they . . . 'misplaced'" his writ of habeas corpus and certificate of appealability, but does not identify the responsible parties. *Id.* In addition, Harrell states that Garcia verbally accused him of flushing a plastic bag and a brush down the toilet despite Harrell explaining that the bag got stuck by accident. Harrell seeks monetary damages.

## II.    LEGAL STANDARD

Federal courts conduct a preliminary screening of cases in which prisoners seek redress from a governmental entity, an officer, or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims

that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under Section 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III.    DISCUSSION

Liberally construing the Complaint, Harrell's claim appears to allege interference with his access to the courts. However, he fails to state a cognizable constitutional claim. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). To establish a claim for a violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury, *i.e.*, that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 350–55. Examples of impermissible hindrances include: a

2

prisoner whose complaint was dismissed for failure to satisfy a technical requirement that, because of deficiencies in the prison's legal assistance facilities, he could not have known; or, a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable to file a complaint. *See id.* at 351. A delay in filing a legal document without any attendant adverse consequences does not constitute actual harm. *Vigliotto v. Terry*, 873 F.2d 1201, 1202 (9th Cir. 1989).

To the extent Harrell alleges Garcia was negligent in mailing his documents, it is well-established that negligence in handling a prisoner's legal mail does not constitute a due process violation and is not actionable under § 1983. *Daniels v. Williams*, 474 U.S 327, 333 (1986); *Hines v. Boothe*, 841 F.2d 623, 624 (5th Cir. 1988) ("Negligence does *not* state a claim under section 1983 and the facts alleged by [plaintiff] with regard to the loss of his legal mail do not constitute more than negligence.") (emphasis in original), *overruled on other grounds in Huguet v. Barnett*, 900 F.2d 838 (5th Cir. 1990); *Strong v. Woodford*, 428 F. Supp. 2d 1082, 1086 (C.D. Cal. 2006) (same). Additionally, Harrell does not provide sufficient information about his legal filings to show, or otherwise allege, that he was unable to raise non-frivolous legal claims or suffered any actual injury as a result of Garcia's alleged mishandling of his legal documents—whether negligent or intentional. The claim is therefore **DISMISSED**. The Court grants leave to amend so Harrell may, if applicable based on the circumstances, address the deficiencies identified above.

Insofar as Harrell alleges that Garcia verbally accused him of intentionally clogging his toilet, Harrell fails to state a cognizable claim because allegations of verbal harassment do not amount to a constitutional violation. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008). The claim is **DISMISSED**. Because amendment of this claim would be futile, the dismissal is without leave to amend. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

United States District Court
Northern District of California

IV.    **CONCLUSION**

The Court orders as follows:

1.  The Complaint is **DISMISSED** as specified above.

2.  The Court grants **LEAVE TO AMEND** as to Harrell's claim of interference with the courts.

3.  Any amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words "Amended Complaint" on the first page.  Because an amended complaint completely replaces the original, Harrell must include all allegations of fact to support his claim.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Harrell is cautioned that he may not incorporate material from the prior petition by reference.  Failure to amend within the designated time will result in this action's dismissal without prejudice.

4.  It is Harrell's responsibility to prosecute this case.  He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5.  The Clerk is requested to send a blank prisoner civil rights form to Harrell, along with a copy of this order.

**IT IS SO ORDERED.**

Dated: February 20, 2026

Noël Wise
United States District Judge

4